IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN MORALES, et. al. | * | |
| | * | |
| *Plaintiffs* | * | |
| | * | |
| v. | * | Civil No. JFM-11-3215 |
| | * | |
| OFFICER DOMMINIQUE RICHARDSON, et. al. | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| *Defendants.* | * | |
| | * | |
| | ***** | |

MEMORANDUM

Plaintiffs Steven Morales ("Steven") and Luciano Morales ("Luciano") brought this action against Defendants Officer Dominique Richardson ("Richardson") and Prince George's County, Maryland (the "County") in the Circuit Court for Prince George's County, Maryland. The Moraleses assert that Richardson, a police officer for the County, assaulted Steven Morales outside of a fraternity party for which Richardson was hired as a security guard. The Moraleses claim Richardson's conduct was tortious and that it violated their state and federal constitutional rights. The County, with the consent of Richardson, removed the action to this court on the ground that the claims asserted by the Moraleses under 42 U.S.C. § 1983 presented a federal question. Now pending before the court is the County's motion to dismiss the claims against it. The motion has been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, the § 1983 claim against the County will be dismissed. Further, the case is remanded to the Circuit Court for Prince George's County because although Richardson has filed

1

an answer, Plaintiffs have no federal constitutional claims against him. For that reason, the § 1983 claim against Richardson will also be dismissed.

I. BACKGROUND

On October 29, 2010, several chapters of the Omega Psi Phi Fraternity at Bowie State University held a Halloween party in Beltsville, Maryland. (Compl. ¶ 3). The fraternity hired Richardson, an officer with the Prince George's County Police Department, to provide security at the party. (*Id.* ¶¶ 2–3). Richardson in turn hired other Prince George's County police officers to assist him. (*Id.* ¶ 3).

On October 30, 2010, Steven Morales arrived at the party shortly after midnight and purchased a ticket to the event. (*Id.* ¶ 4). Richardson was at the front entrance as Steven stood in line to enter the party. (*Id.*). Steven alleges that after he reached the front of that line Richardson punched him in the mouth, without provocation or justification. (*Id.*). Steven fell backwards, and Richardson "got Steven into a choke, cutting off his breathing." (*Id.*). Richardson eventually released the choke hold and made Steven stand up and put his hands against a nearby police car. (*Id.*). Steven alleges he was bleeding and in need of medical attention. (*Id.*). Richardson then ordered Steven to leave, without identifying who Steven was, notifying a superior, or filing a use-of-force report. (*Id.*).

After the altercation Steven drove home, where his father, Luciano Morales, saw that Steven was injured. (*Id.* ¶ 5). Luciano drove Steven to the scene of the incident, where Steven identified Richardson as the person who assaulted him. (*Id.*). Luciano requested a supervisor come to the scene and he and Steven reported the assault. (*Id.*). Luciano then drove Steven to Sothern Maryland Hospital Center, where Steven was diagnosed with a fractured tooth and lacerations to the mouth. (*Id.*). Steven was later seen by a dentist and several specialists who

tried to save or repair his tooth, but those attempts failed.  (*Id.*).  Steven has undergone treatment to implant an artificial tooth and spent several months without a front tooth, which he avers was "unsightly and embarrassing." (*Id.*).

The Moraleses claim Richardson's actions were committed within the scope of his employment as a police officer for the County.  (*Id.* ¶ 6).  They allege that as a result of Richardson's conduct, Steven suffered physical injuries and mental pain and suffering and that Luciano incurred medical expenses.  (*Id.* ¶ 7).  On November 4, 2010, the Moraleses gave written notice of their claim, as required by the Local Government Torts Claim Act.  (*Id.* ¶ 8).  An internal affairs investigation in the County police department was initiated, as was a criminal investigation into Richardson's actions.  (*Id.* ¶ 10).  The Moraleses allege that in retaliation for pursuing their legal claim, Richardson initiated criminal charges against Steven on March 5, 2011.  (*Id.*).  They claim the charging document against Steven "made outlandish factual claims which were untrue and falsely alleged that Steven assaulted Richardson." (*Id.*).  The State's Attorney entered the charges against Steven nol prossed on May 27, 2011.  (*Id.* ¶ 11).

On Oct 24, 2011, the Moraleses instituted the present action in the Circuit Court for Prince George's County, Maryland.  The County removed the action to this court on November 10, 2011, based on the original federal jurisdiction over the claims brought under 42 U.S.C. § 1983 and pendant jurisdiction over the other claims.  (*See* Notice of Removal, ECF No. 1, at 2).

II.  STANDARD OF REVIEW

The County moves to dismiss the claims against it pursuant to FRCP 12(b)(6).  "'[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v.*

*City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Generally, when ruling on a 12(b)(6) motion, the court assumes the facts alleged in the complaint are true and draws all reasonable factual inferences in the nonmoving party's favor.  *Edwards*, 178 F.3d at 244.  A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (internal quotations omitted).

    III.    ANALYSIS

        a.  Section 1983 Claims (Counts I, II)

Counts I and II assert claims of excessive force and malicious prosecution under 42 U.S.C. § 1983.  (Compl. ¶¶ 9–12).  Section 1983 imposes liability on anyone who, acting under color of state law, deprives a person of any "rights, privileges, or immunities secured by the Constitution and laws."  *See* 42 U.S.C. § 1983; *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 210 (4th Cir. 2007).   The § 1983 claims are brought on behalf of both Steven and Luciano Morales.  The County argues the claims should be dismissed for two reasons.  First, it argues Luciano has no standing to bring a § 1983 claim.  Second, it asserts that regardless of whether Luciano has standing, Plaintiffs have not alleged a cognizable § 1983 claim.

        i.  Luciano Morales' § 1983 Claims

To have standing, a plaintiff "'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"  *Valley Forge*

4

*Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 474 (1982) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).  The few exceptions to this rule involve situations where the plaintiff has a close relation with the third party and there is some "hindrance to the third party's ability to protect his or her own interests."  *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 629 (1991).  Parents "generally have standing to assert the claims of their minor children."  *Altman v. Bedford Cent. School Dist.*, 245 F.3d 49, 70 (2d Cir. 2001).  *See also Smith v. Org. of Foster Families for Equality and Reform*, 431 U.S. 816, 841 n.44 (1977).

Plaintiffs in this case allege Steven Morales was a minor when the altercation with Richardson took place, although the County disputes this point.  (Pl.'s Opp'n to Mot. to Dismiss, ECF No. 13, ("Pl.'s Opp'n") at 4; Def.'s Reply in Support of Mot. to Dismiss, ECF No. 17, ("Def.'s Reply") at 5).  Even in the light most favorable to Luciano Morales, he fails to state a § 1983 claim.  Although he could assert a § 1983 claim on Steven's behalf if Steven were a minor child, Luciano does not appear to be doing so in the present case because Steven is bringing his own claim.  Instead, Luciano appears to seek redress for expenses he incurred for Steven's medical and dental care.  (Compl. ¶ 7).  Section 1983 does not provide a remedy for such injuries.  Even if such a claim were available, Luciano's §1983 claim would also fail for the same reasons, discussed below, that Steven Morales' § 1983 claims fail.  Any claims by Luciano for § 1983 violations are therefore dismissed.

      ii. Steven Morales' § 1983 Claims

Although Steven Morales would have standing to bring a § 1983 claim, he has failed to allege any such claim here, against either the County or Richardson.

1. Section 1983 Claim Against County

To allege a § 1983 claim against a county, a plaintiff must allege that the action at issue was one that "execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or that represents informal governmental "custom." *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Counties and other local governments cannot be held liable under § 1983 for injuries inflicted by their employees or agents based on the theory of respondeat superior. *Id.* at 694; *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727–28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982). In this case, there is no assertion that the § 1983 claims are based on any policy or custom of the County. The § 1983 claim brought by Steven Morales against the County is therefore dismissed.

2. Section 1983 Claim against Richardson

Steven Morales also fails to allege a cognizable § 1983 claim against Richardson. This issue is addressed now, even though it is beyond the scope of the present motion, because it affects the jurisdiction of this court over the present action. *See* 28 U.S.C. § 1367(c)(3). Without a cognizable § 1983 claim, there is no basis for federal jurisdiction in this case. Because the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, the court may enter a remand order *sua sponte* based on a lack of subject matter jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). For the reasons given below, such an order will be entered in this case.

To state a claim for a violation of § 1983, a plaintiff must allege a deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by one acting "under color of state law." *See* 42 U.S.C. § 1983; *Pee Dee Health Care,* 509 F.3d at 210. In this case, Steven

Morales has failed to allege any facts showing that Richardson's actions at the fraternity party were taken under color of state law. The "under color of state law" requirement is synonymous with state action. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Merely private conduct, no matter how discriminatory or wrongful, is not state action. *Id.* at 181. Acts of police officers "in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989). *See also Rossignol v. Voorhaar*, 316 F.3d 516, 524–25 (4th Cir. 2003) (distinguishing between acts of sheriff's deputies based on whether they arose from public or private circumstances). The state action requirement ensures § 1983 is maintained as "a shield that protects private citizens from the excess of government, rather than a sword that they may use to impose liability upon one another." *Id.*

The Moraleses make only the bare assertion that "the complaint has alleged sufficient facts . . . that [Richardson] was acting within the scope of his employment for the county." (Pl.'s Opp'n at 3). They provide no factual basis for this assertion. The § 1983 claims are based on both the altercation at the fraternity party and Richardson's later initiation of criminal charges against Steven Morales. (Compl. ¶¶ 9–12). But there is no indication that either action was anything but private conduct, unattributable to the state. *See Philips*, 572 F.3d at 181. None of the facts alleged in the complaint bear on the question of whether Richardson's conduct could plausibly be said to have been undertaken under color of state law. The Moraleses' statements amount to a mere "formulaic recitation of the elements of a cause of action" and do not state a § 1983 claim plausible on its face. *See Twombly*, 550 U.S. at 555, 570. Steven Morales' § 1983 claims are therefore dismissed.

b. Remaining State Law Claims

In light of the dismissal of the two federal claims asserted by the Moraleses, the only remaining claims are state law claims. A District Court generally has discretion to keep or dismiss a case when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Id.*

After reviewing these factors, I find that remanding the case to the Circuit Court for Prince George's County is the proper course of action. The remaining state claims present no issues of federal policy, and all parties are residents of Maryland who appear to face no inconvenience by having this case litigated in the state courts. Although this leaves undecided the County's motion to dismiss the state law claims against it, it should require very little if any additional legal research to re-file this motion in state court.[1] Accordingly, this case shall be remanded to the Circuit Court for Prince George's County, Maryland, for resolution of all remaining issues.

---

[1] Although the determination of this matter is left to the state court, the claim under the Maryland Declaration of Rights appears to suffer the same flaw as the § 1983 claim decided here. Just as the complaint failed to provide any facts showing Richardson acted under color of state law for purposes of § 1983, it also fails to provide any facts showing Richardson acted within the scope of his employment with the County, as is required for the County to be liable for violations of the Maryland Declaration of Rights. *See DiPino v. Davis*, 729 A.2d 354, 371–72 (Md. 1999) (providing standard for liability); *Sawyer v. Humphries*, 587 A.2d 467, 470 (Md. 1991) (providing test for whether an employee acts within the scope of his employment). Such issues also affect the tort claims. To the extent the County's liability for Richardson's allegedly tortious behavior rests on the theory that Richardson was acting as a police officer, it appears the County would be immune. *See Gray-Hopkins v. Prince George's Cnty.*, 309 F.3d 224, 234 (4th Cir. 2002) (finding a County immune from respondeat superior liability for the intentional torts of an off-duty police officer because law enforcement is a governmental function).

8

## IV. CONCLUSION

For the reasons stated above, the County's motion to dismiss the claims against it is granted with respect to the § 1983 claim and the case is remanded to the Circuit Court for Prince George's County. A separate order is being entered herewith.

Date: January 30, 2012    /s/
                          J. Frederick Motz
                          United States District Judge